FILED

MAY - 1 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) **INDICTMENT** |
| | ) |
| Plaintiff, | ) **1:24 CR 00157** |
| | ) |
| v. | ) CASE NO. _____ |
| | ) Title 26, United States Code, |
| ALICE F. MARTIN, | ) Section 7201 |
| | ) |
| Defendant. | ) **JUDGE NUGENT** |

### GENERAL ALLEGATIONS

At all times material to this Indictment, unless otherwise noted:

<u>Relevant People and Entities</u>

1.      Defendant Alice F. Martin ("Defendant") was a resident of Louisville, Ohio, in the Northern District of Ohio, Eastern Division.

2.      Defendant was involved in the trucking industry for many years and was affiliated with the following entities:

    a.      Martin Logistics, Inc. ("Martin Logistics") was a trucking company and freight broker registered in the state of Ohio, on or about September 2, 1997. Martin Logistics' principal place of business was in or around Canton, Ohio. Defendant and her husband were the owners of Martin Logistics, but Defendant controlled all business operations.

    b.      A.F. Martin, LLC ("A.F. Martin") was a holding company registered in the state of Ohio, on or about April 14, 2008. A.F. Martin conducted no business but held a bank account at Bank 1 (the "A.F. Martin Account") that collected the revenue of TSA Transportation, LLC. Defendant owned A.F. Martin.

c.      TSA Transportation, LLC ("TSA") was a freight broker registered in the state of Delaware, on or about October 25, 2012, and later registered in the state of Florida, on or about February 14, 2013. TSA held a bank account at Bank 2 (the "TSA Account"). Jennifer Holley (charged separately) nominally owned TSA, and Defendant was the beneficial owner TSA.

d.      Martin Global, LLC ("Martin Global") was a holding company registered in the state of Ohio, on or about April 5, 2013. Martin Global conducted no business but held title to Martin Logistics trucks and held a bank account. Defendant directed Martin Logistics' revenue to Martin Global's bank account from in or around 2017 through in or around 2018. Defendant owned Martin Global.

3.      Holley was a resident of Uniontown, Ohio, in the Northern District of Ohio, until in or around 2007, when she moved and became a resident of Valrico, Florida. Holley worked for Martin Logistics as truck dispatcher and completed various administrative tasks for the company. Holly developed a close personal relationship with Defendant over the course of her employment.

<u>Department of Defense Freight Brokers and Carriers</u>

4.      The U.S. Army Military Surface Deployment & Distribution Command ("SDDC") was the component within the U.S. Department of Defense ("DOD") that provided transportation of goods and supplies to most branches of the military.

5.      The Defense Logistics Agency ("DLA") managed the DOD's global supply chain. The DLA had distribution centers, or depots, throughout the country from which stored goods were shipped. One of the DLA distribution centers was the DLA Distribution–Susquehanna, Pennsylvania ("DLA-PA") located in New Cumberland, Pennsylvania. The DLA-

PA utilized the SDDC to solicit bids for freight hauling, including from in or around 2012 through in or around March 2018.

Martin Logistics

6.     Martin Logistics was authorized to broker and carry freight for the DOD.  Martin Logistics was routinely awarded contracts by SDDC to haul freight from the DLA-PA to various locations.

7.     Martin Logistics trucks were located at a leased trucking yard in Mechanicsburg, Pennsylvania, near the DLA-PA.  Martin Logistics trucks picked up loads from the DLA-PA and shuttled the freight back to the trucking yard.  At the yard, the freight was restructured and either hauled it to its final destination by Martin Logistics or brokered to another carrier for final delivery.

8.     From in or around 2012 to in or around 2013, Martin Logistics had financial problems.  Martin Logistics became burdened with tax debt, including substantial tax due and owing assessed by the Internal Revenue Service ("IRS"), including interest and penalties, for tax years 2011 through 2013.  The IRS initiated collection efforts, including filing several tax liens against the business beginning in or around June 2012.  During this same period, Martin Logistics was sued by various parties which resulted in several monetary judgements and settlements against it.  The reputation of Martin Logistics declined, after which many carriers would no longer haul freight brokered by Martin Logistics because Martin Logistics was not promptly paying for services rendered.  Collection efforts by the IRS against Martin Logistics continued, and interest and penalties continued to accrue.  As of in or around December 2017, for example, Martin Logistics had outstanding assessed tax liabilities of more than $50,000.

3

9.      Given Martin Logistics' financial problems, Defendant sought a way to keep her trucking business operational and away from creditors, including the IRS.

<u>Defendant's Use of TSA and Martin Global</u>

10.      In or around August 2012, Defendant approached Holley about opening a separate transportation brokerage division of Martin Logistics called TSA.  Defendant asked Holley to run this new division.  Holley saw this offer as an opportunity to advance her career and agreed.

11.      Defendant arranged for an attorney to prepare the corporate documents required to form TSA and directed Holley, her employee, to sign these documents.  Holley signed the corporate documents making her the nominee owner of TSA.  Defendant also directed Holley to sign an Application for Employer Identification Number (Form SS-4) which named Holley the responsible party for TSA's tax liabilities.

12.      Defendant then directed Holley to obtain the proper authorization for TSA to broker freight for the DOD, including to establish an account with Syncada, a third-party freight payment system through which individual contracts between brokers and carriers and the SDDC were negotiated and paid.

13.      When setting up a Syncada account, an applicant must enter a bank account where SDDC payments are deposited.  Defendant provided Holley with the information for the A.F. Martin Account and directed her to list the A.F. Martin Account as the account to receive all the SDDC payments to TSA.  Holley had no signatory authority over the A.F. Martin Account and did not otherwise have access to the account.

14.      TSA began receiving payments on government contracts with DOD in or around January 2013.  Defendant had access to the TSA account in Syncada which allowed her to continue her trucking operations through TSA.  Although TSA revenue from SDDC was

deposited into the A.F. Martin Account, TSA businesses expenses were paid from the TSA Account.

15.     On a weekly or biweekly basis from approximately May 8, 2013, through December 2018, Defendant wired funds from the A.F. Martin Account to the TSA Account and directed Defendant, who controlled the TSA Account, to pay TSA's business expenses for that period.

16.     Defendant made payments on the trucking yard lease in Mechanicsburg, Pennsylvania, using TSA funds from the A.F. Martin Account.  Defendant also occasionally paid carriers hauling freight for TSA through an express check account TSA had with Servicer 1. From on or about May 2013 through on about December 2018, Defendant funded TSA's express check account with Servicer 1 with TSA funds deposited into the A.F. Martin Account.

17.     From in or around 2013 through in or around 2018, Defendant caused approximately $18,187,492 in gross receipts associated with TSA trucking contracts to be deposited into the A.F. Martin banking account.  During the same time frame, Defendant transferred approximately $2,184,814 from the A.F. Martin Account to her personal bank account.

### Martin Logistics and Martin Global

18.     In or around April 2013, Martin transferred title to all of Martin Logistics' commercial trucks and trailers to her newly formed company, Martin Global.  Martin also titled several personal vehicles in the name of Martin Global.

19.     In or around September 2013, while TSA was flourishing, Martin Logistics appeared to be winding down and dormant.  Trucking revenue deposits into the Martin Logistics bank account ceased around this time, as Defendant was no longer seeking transportation

contracts through DOD under Martin Logistics, instead prioritizing DOD contracts through TSA. Apart from two small payments, Martin Logistics made no trucking revenue deposits from in or around September 2013 through in or around June 2016. By creating the appearance that Martin Logistics had no revenue and no employees, Defendant caused the IRS, which believed Martin Logistics' tax debt was uncollectable, to close its collection case against Martin Logistics in or around June 2015.

20.     On or about June 16, 2016, Defendant closed the last bank account in the name of Martin Logistics. On the same day, Defendant opened a bank account for Martin Global.

21.     Starting in or around January 2017, while continuing to obtain transportation contracts for TSA, Defendant again sought out DOD transportation contracts under the Martin Logistics name. But Defendant caused DOD revenue earned by Martin Logistics to be directly deposited into the Martin Global bank account. From on or about January 23, 2017, through on or about April 13, 2018, Defendant earned $464,266.56 in gross receipts associated with Martin Logistics transportation contracts, but this money was deposited in into the Martin Global bank account.

<u>Defendant's Individual Income Taxes</u>

22.     Defendant was required to file individual income taxes for tax years 2013 through 2018. Defendant was aware of this obligation.

23.     Defendant was aware of how to follow the IRS tax rules and regulations. Despite Defendant's obligation to file income tax returns and pay the related taxes, Defendant failed to consistently file individual and corporate tax returns related to her trucking business and pay the related taxes.

24.     By 2013, Defendant, who had been using the services of Accountant 1 to prepare individual and corporate tax returns for herself and Martin Logistics, was regularly submitting false and incomplete tax-related information to Accountant 1, or failing to provide that information in time to file required tax returns.  As a result, Accountant 1 was sometimes unable to prepare Defendant's income tax returns for a given year, and the returns he prepared contained Defendant's fraudulent figures.  When Accountant 1 prepared returns, he provided them to Defendant for filing, but Defendant generally did not file those returns with the IRS.

25.     For tax years 2013 through 2018, despite her businesses engaging in substantial income generating activities, Defendant failed to file any business income tax return with IRS for Martin Logistics, A.F. Martin, TSA, and Martin Global, except that Defendant filed a 2017 U.S. Income Tax Return for an S Corporation, Form 1120S, in the name of Martin Logistics.  That 2017 Form 1120S for Martin Logistics reported only approximately $325,428 in gross receipts to Martin Logistics, despite that the company had gross receipts, in the form of business account deposits, of at least approximately $3,757,005 that year.

26.     For tax years, 2013 through 2018, despite receiving substantial income through her businesses, which income was required to be reported on her personal income tax return, Defendant failed to file any individual income tax return with IRS, except that Defendant filed a 2017 U.S. Individual Income Tax Return, Form 1040.  That 2017 Form 1040 reported no taxable income despite that Defendant had at least approximately $925,749 of taxable income in that year.

<u>Misrepresentations to the IRS</u>

27.     Defendant, including through her power of attorney ("POA 1"), made false statements to the IRS during its tax investigation, including the following:

a.      On or about June 17, 2016, Defendant filed a Form 433-B (Collection Information Statement for Business) for Martin Logistics with the IRS through POA 1. Form 433-B is a form used by the IRS to obtain current financial information necessary for determining how a business can satisfy an outstanding tax liability. On the Form 433-B, Defendant fraudulently claimed that Martin Logistics had no employees, no affiliated businesses, no gross receipts, no bank accounts, and no assets except for a 2008 truck, when, in fact, Defendant had arranged for the employees of Martin Logistics to be under the payroll of TSA, for the vehicles of Martin Logistics to be placed in the name of Martin Global, and for income Martin Logistics earned to be received in the names of other entities, including by depositing income into the account of A.F. Martin.

b.      On or about May 29, 2018, Defendant caused POA 1 to send a letter to the IRS claiming that Defendant's income tax returns for tax years 2012 through 2016 had been filed, when, in fact, Defendant's income tax returns for 2013, 2014, 2015, 2016 were never filed and there was a balance due in every year.

c.      On or about July 5, 2018, Defendant caused POA 1 to send a letter to the IRS claiming that Defendant's personal income tax returns for tax years 2015 and 2016 had been filed and included unsigned copies of Forms 1040 for these years, when, in fact, those returns had never been filed with the IRS.

d.      On or about August 10, 2018, Defendant caused POA 1 to send a letter to the IRS claiming that Martin Logistics' business income tax returns for tax years 2015 and 2016 had been filed and included unsigned copies of both returns, when, in fact, those returns had never been filed with the IRS.

<u>The Tax Evasion Scheme</u>

28.    Defendant evaded the assessments of her income tax obligations and evaded her

obligation to pay assessed taxes, penalties, and interest due and owing to the IRS by her,

including based on the tax obligations of Martin Logistics, through a variety of means, including,

but not limited to, the following:

        a.    operating the Martin Logistics trucking business through her nominee,

Holley, and under other corporate names—including TSA, Martin Global, and A.F. Martin—

while continuing to receive revenue from the business;

        b.    directing Holley to create a nominee trucking business, TSA, and

obtaining the proper authorizations for TSA to broker freight for the DOD;

        c.    submitting bids for, and causing to be awarded, contracts with the DOD,

using her nominee business, TSA, instead of Martin Logistics;

        d.    using a nominee business, TSA, to conceal income generated by her

trucking operations;

        e.    causing TSA's revenue to be diverted to A.F. Martin;

        f.    wiring funds from the A.F. Martin Account to the TSA Account and

directing Holley to pay TSA's monthly business expenses;

        g.    making payments on the trucking yard lease and paying carriers directly

with TSA funds from the A.F. Martin Account;

        h.    directing all monies earned by Martin Logistics in 2017 and 2018 from the

DOD be wired to the bank account of Martin Global instead of to a bank account in the name of

Martin Logistics;

i.     transferring title to all her commercial trucks and trailers from Martin Logistics to Martin Global;

j.     submitting false, incomplete, and untimely tax-related information to Accountant 1;

k.     submitting, and causing to be submitted, inaccurate tax forms and false statements to the IRS.

29.     As a result of the foregoing conduct, Defendant received substantial income that Defendant did not report, including business banking account deposits, resulting in at least the following approximate amounts of unreported taxable income, evading assessment of at least the following approximate amounts of tax due and owing in the following years:

| Tax Year | Unreported Taxable Income | Evaded Tax Due and Owing |
|---|---|---|
| 2013 | $43,353 | $5,614 |
| 2014 | $230,676 | $52,129 |
| 2015 | $670,232 | $211,382 |
| 2016 | $1,377,607 | $491,232 |
| 2017 | $925,749 | $313,992 |
| 2018 | $421,304 | $98,892 |
| Totals | $3,668,921 | $1,173,241 |

COUNT 1
(Attempt to Evade and Defeat Income Tax, 26 U.S.C. § 7201)

The Grand Jury charges:

30.     The allegations contained in paragraphs 1 through 29 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

31.     During the calendar year 2013, Defendant ALICE F. MARTIN, a resident of Louisville, Ohio, received taxable income, upon which there was income tax due and owing to the United States of America.  Knowing the foregoing facts and failing to make an income tax

10

return on or before October 15, 2014, as required by law, to any proper officer of the IRS, and to pay the income tax to the IRS, Defendant, from in or around January 2013, through in or around August 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, willfully attempted to evade and defeat income tax due and owing by her and her spouse to the United States of America, for the calendar year 2013, by committing the following affirmative acts, among others:

      a.    directing Holley to create a nominee trucking business, TSA, and obtain the proper authorizations for TSA to broker freight for the DOD;

      b.    submitting bids for, and causing to be awarded, contracts with the DOD, using her nominee business, TSA, instead of Martin Logistics;

      c.    using a nominee business, TSA, to conceal income generated by her trucking operations;

      d.    causing TSA's revenue to be diverted to A.F. Martin;

      e.    wiring funds from the A.F. Martin Account to the TSA Account and directing Holley to pay TSA's monthly business expenses;

      f.    making payments on the trucking yard lease and paying carriers directly with TSA funds from the A.F. Martin Account;

      g.    transferring title to all her commercial trucks and trailers from Martin Logistics to Martin Global;

      h.    submitting false, incomplete, and untimely tax-related information to Accountant 1 related to her 2013 tax liability; and

      i.    submitting, and causing to be submitted, inaccurate tax forms and false statements to the IRS.

All in violation of Title 26, United States Code, Section 7201.

COUNT 2
(Attempt to Evade and Defeat Income Tax, 26 U.S.C. § 7201)

The Grand Jury further charges:

32.     The allegations contained in paragraphs 1 through 29 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

33.     During the calendar year 2014, Defendant ALICE F. MARTIN, a resident of Louisville, Ohio, received taxable income, upon which there was income tax due and owing to the United States of America.  Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2015, as required by law, to any proper officer of the IRS, and to pay the income tax to the IRS, Defendant, from in or around January 2014, through in or around August 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, willfully attempted to evade and defeat income tax due and owing by her and her spouse to the United States of America, for the calendar year 2014, by committing the following affirmative acts, among others:

    a.     submitting bids for, and causing to be awarded, contracts with the DOD, using her nominee business, TSA, instead of Martin Logistics;

    b.     using a nominee business, TSA, to conceal income generated by her trucking operations;

    c.     causing TSA's revenue to be diverted to A.F. Martin;

    d.     wiring funds from the A.F. Martin Account to the TSA Account and directing Holley to pay TSA's monthly business expenses;

    e.     making payments on the trucking yard lease and paying carriers directly with TSA funds from the A.F. Martin Account;

12

    f.      submitting false, incomplete, and untimely tax-related information to Accountant 1 related to her 2014 tax liability; and

    g.      submitting, and causing to be submitted, inaccurate tax forms and false statements to the IRS.

All in violation of Title 26, United States Code, Section 7201.

COUNT 3
(Attempt to Evade and Defeat Income Tax, 26 U.S.C. § 7201)

The Grand Jury further charges:

34.    The allegations contained in paragraphs 1 through 29 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

35.    During the calendar year 2015, Defendant ALICE F. MARTIN, a resident of Louisville, Ohio, received taxable income, upon which there was income tax due and owing to the United States of America.  Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2016, as required by law, to any proper officer of the IRS, and to pay the income tax to the IRS, Defendant, from in or around January 2015, through in or around August 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, willfully attempted to evade and defeat income tax due and owing by her and her spouse to the United States of America, for the calendar year 2015, by committing the following affirmative acts, among others:

    a.      submitting bids for, and causing to be awarded, contracts with the DOD, using her nominee business, TSA, instead of Martin Logistics;

    b.      using a nominee business, TSA, to conceal income generated by her trucking operations;

    c.      causing TSA's revenue to be diverted to A.F. Martin;

13

     d.     wiring funds from the A.F. Martin Account to the TSA Account and directing Holley to pay TSA's monthly business expenses;

     e.     making payments on the trucking yard lease and paying carriers directly with TSA funds from the A.F. Martin Account;

     f.     submitting false, incomplete, and untimely tax-related information to Accountant 1 related to her 2015 tax liability; and

     g.     submitting, and causing to be submitted, inaccurate tax forms and false statements to the IRS.

All in violation of Title 26, United States Code, Section 7201.

COUNT 4
(Attempt to Evade and Defeat Income Tax, 26 U.S.C. § 7201)

The Grand Jury further charges:

36.     The allegations contained in paragraphs 1 through 29 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

37.     During the calendar year 2016, Defendant ALICE F. MARTIN, a resident of Louisville, Ohio, received taxable income, upon which there was income tax due and owing to the United States of America.  Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2017, as required by law, to any proper officer of the IRS, and to pay the income tax to the IRS, Defendant, from in or around January 2016, through in or around August 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, willfully attempted to evade and defeat income tax due and owing by her and her spouse to the United States of America, for the calendar year 2016, by committing the following affirmative acts, among others:

14

     a.     submitting bids for, and causing to be awarded, contracts with the DOD, using her nominee business, TSA, instead of Martin Logistics;

     b.     using a nominee business, TSA, to conceal income generated by her trucking operations;

     c.     causing TSA's revenue to be diverted to A.F. Martin;

     d.     wiring funds from the A.F. Martin Account to the TSA Account and directing Holley to pay TSA's monthly business expenses;

     e.     making payments on the trucking yard lease and paying carriers directly with TSA funds from the A.F. Martin Account.

     f.     submitting false, incomplete, and untimely tax-related information to Accountant 1 related to her 2016 tax liability; and

     g.     submitting, and causing to be submitted, inaccurate tax forms and false statements to the IRS.

All in violation of Title 26, United States Code, Section 7201.

COUNT 5
(Attempt to Evade and Defeat Income Tax, 26 U.S.C. § 7201)

The Grand Jury further charges:

38.     The allegations contained in paragraphs 1 through 29 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

39.     From in or around January 2017, through in or around November 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant ALICE F. MARTIN, a resident of Louisville, Ohio, willfully attempted to evade and defeat income tax due and owing by her and her spouse to the United States of America, for the calendar year 2017, by committing the following affirmative acts, among others:

15

      a.     submitting, and causing to be submitted, a false U.S. Income Tax Return for an S Corporation, Form 1120S, for Martin Logistics to the IRS;

      b.     submitting, and causing to be submitted, a false U.S. Individual Income Tax Return, Form 1040 to the IRS;

      c.     submitting bids for, and causing to be awarded, contracts with the DOD, using her nominee business, TSA, instead of Martin Logistics;

      d.     using a nominee business, TSA, to conceal income generated by her trucking operations;

      e.     causing TSA's revenue to be diverted to A.F. Martin;

      f.     wiring funds from the A.F. Martin Account to the TSA Account and directing Holley to pay TSA's monthly business expenses;

      g.     making payments on the trucking yard lease and paying carriers directly with TSA funds from the A.F. Martin Account.

      h.     directed all monies earned by Martin Logistics from the SDDC be wired to the bank account of Martin Global instead of to a bank account in the name of Martin Logistics;

      i.     submitting false, incomplete, and untimely tax-related information to Accountant 1; and

      j.     submitting, and causing to be submitted, inaccurate tax forms and false statements to the IRS.

All in violation of Title 26, United States Code, Section 7201.

<u>COUNT 6</u>
(Attempt to Evade and Defeat Income Tax, 26 U.S.C. § 7201)

The Grand Jury further charges:

40.     The allegations contained in paragraphs 1 through 29 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

41.     During the calendar year 2018, Defendant ALICE F. MARTIN, a resident of Louisville, Ohio, received taxable income, upon which there was income tax due and owing to the United States of America.  Knowing the foregoing facts and failing to make an income tax return on or before October 15, 2019, as required by law, to any proper officer of the IRS, and to pay the income tax to the IRS, Defendant, from in or around January 2018, through in or around October 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, willfully attempted to evade and defeat income tax due and owing by her and her spouse to the United States of America, for the calendar year 2018, by committing the following affirmative acts, among others:

a.     submitting bids for, and causing to be awarded, contracts with the DOD, using her nominee business, TSA, instead of Martin Logistics;

b.     using a nominee business, TSA, to conceal income generated by her trucking operations;

c.     causing TSA's revenue to be diverted to A.F. Martin;

d.     wiring funds from the A.F. Martin Account to the TSA Account and directing Holley to pay TSA's monthly business expenses;

e.     making payments on the trucking yard lease and paying carriers directly with TSA funds from the A.F. Martin Account.

f.      directing all monies earned by Martin Logistics from the SDDC be wired to the bank account of Martin Global instead of to a bank account in the name of Martin Logistics; and

g.      submitting, and causing to be submitted, inaccurate tax forms and false statements to the IRS.

All in violation of Title 26, United States Code, Section 7201.

## COUNT 7
### (Attempt to Evade and Defeat Payment of Tax, 26 US.C. § 7201)

The Grand Jury further charges:

42.     The allegations contained in paragraphs 1 through 29 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

43.     From in or around August 2012, through in or around August 2018, in the Northern District of Ohio, Eastern Division, and elsewhere, ALICE MARTIN, a resident of Louisville, Ohio, did willfully attempt to evade and defeat the payment of taxes, penalties, and interest due and owing by Martin Logistics to the United States of America, for the calendar years 2011 through 2013, by committing the following affirmative acts, among others:

a.      directing Holley to create a nominee trucking business, TSA, and obtain the proper authorizations for TSA to broker freight for the DOD;

b.      submitting bids for, and causing to be awarded, contracts with the DOD, using her nominee business, TSA, instead of Martin Logistics;

c.      utilizing a nominee business, TSA, to conceal income generated by her trucking operations;

d.      causing TSA's revenue to be diverted to A.F. Martin;

18

e.      wiring funds from the A.F. Martin Account to the TSA Account and directing Holley to pay TSA's monthly business expenses;

f.      making payments on the trucking yard lease and paying carriers directly with TSA funds from the A.F. Martin Account;

g.      directing all monies earned by Martin Logistics in 2017 and 2018 from the DOD be wired to the bank account of Martin Global instead of to a bank account in the name of Martin Logistics;

h.      transferring title to all her commercial trucks and trailers from Martin Logistics to Martin Global;

i.      submitting false, incomplete, and untimely tax-related information to Accountant 1; and

j.      submitting, and caused to be submitted, inaccurate tax forms and false statements to the IRS.

All in violation of Title 26, United States Code, Section 7201.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2000