IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:24 CV 157 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| ALICE F. MARTIN, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant . | ) | |

This matter is before the Court on Defendant, Alice Martin's Motion for Release Pending Appeal. (ECF #42). The Government filed a Response in opposition to that motion. (ECF #43). For the reasons that follow, Ms. Martin's motion is denied.

## BACKGROUND

On May 1, 2024, Defendant, Alice Martin was indicted on six counts of Attempt to Evade and Defeat Income Tax, and one count of Attempt to Evade and Defeat the Payment of ax, all in violation of 26 U.S.C. §7201. On August 18, 2025, pursuant to a written plea agreement, she pled guilty to two of these counts. (ECF #24). The plea agreement identified the tax fraud count as a base offense level of twenty (20) based on the tax loss amount. (ECF #24, PageID 103). The plea agreement also included a waiver of appeal in which Ms. Martin waived her right to appeal any issue other than: (1) punishment in excess of the statutory maximum; (2) any sentence that exceeds the maximum of the sentencing imprisonment range determined under the

advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in the agreement, using the applicable Criminal History Category; and, (3) claims of ineffective assistance of counsel or prosecutorial misconduct. (ECF #24).

Ms. Martin was sentenced on December 2, 2025. Her sentence was calculated based on a base offense level of 20, with a sophisticated means enhancement applied pursuant to U.S.S.G. §2T1.1(b)(2). The enhancement increased the offense level to a 22. Although the plea agreement indicated that the government would seek a three level reduction for acceptance of responsibility, their obligation existed only so long as Ms. Martin's "conduct continues to reflect [her] acceptance of responsibility." At sentencing, the government argued against the full reduction for acceptance of responsibility, based on conduct Ms. Martin engaged in that was arguably inconsistent with a full acceptance of the wrongfulness of her actions. At the sentencing hearing, the Court's determined that, although she entered into a plea agreement, Ms. Martin attempted to avoid full responsibility for her actions by transferring all of her assets mere days before her change of plea hearing, in an attempt to hide them from the U.S. Probation Officer. The Court further found that she had refused to disclose financial information sought by the government, as required by the financial statement provisions of the plea agreement. The Court, therefore, agreed that Ms. Martin's post-plea conduct was inconsistent with a full acceptance of responsibility and found that she was entitled to only a one point reduction.

After the acceptance reduction, the offense level was reduced from 22 to 21. Because she had no criminal history points, the Court also applied U.S.S.G. §4C1.1 to reduce offense level by an additional two levels. Starting from the agreed base offense level of 20, as provided in the plea agreement, after all other adjustments had been made, Ms. Martin was sentenced at an offense level of 19. The guideline range for an offense level 19, criminal history category one

was 30-37 months. She received the minimum advisory guideline sentence of thirty months.

## APPLICABLE LAW

Pursuant to Section 3143(b)(1) the Bail Reform Act of 1984, a defendant who has been found guilty and sentenced to a term of imprisonment shall be detained pending appeal unless the trial court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §3143(b)(1). The statute creates a presumption against release pending appeal. *See, United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988). To overcome this presumption, the defendant bears the burden of proving that the one of the exceptions set forth in 18 U.S.C. §3143(b)(1) applies. *Id.* (citing *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985)).

## ANALYSIS

A. <u>Flight Risk/Danger to the Community</u>

The government agrees that there is no reason to believe that Ms. Martin would pose a danger to the community if released on bond pending appeal. However, it argues that she has not proven by clear and convincing evidence that she is not a flight risk. Ms. Martin cites several factors that support her contention that she is not a flight risk. These include her longstanding ties to her community, her prior compliance with the terms of her bond, and her status as primary

caregiver for her mother and her husband, who both suffer from serious health issues. The government does not contest that these factors exist or that they could weigh against a finding that Ms. Martin is a flight risk. The government does point out, however, that because she has now been convicted and sentenced, she may now have a greater incentive to flee in order to avoid incarceration. The factors weigh against a finding that Ms. Martin is likely to flee during the course of her appeal, however, even if Ms. Martin does not pose a risk of danger, and her circumstances do not indicate a likelihood that she would attempt to flee, she has not satisfied the other requirements for receiving a bond pending appeal.

B. Substantial Question of Law

Ms. Martin's appeal does not raise a substantial question of law or fact that is likely to result in a change to her sentence. In order to determine whether an appeal satisfies the conditions of 18 U.S.C. § 3143(b)(1)(B), the Sixth Circuit applies a two-part test: whether the appeal issue is "substantial" and whether it is "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177, 1182 (6th Cir. 1985). A question is "substantial" if it constitutes a "close question or one that could go either way." *Powell*, 761, F.2d 1227. Although the Court need not believe that the appeal will necessarily be decided in the defendant's favor, "[i]t is not sufficient to show simply that reasonable judges could differ ... or that the issue is fairly debatable or not frivolous." *Id.* at 1234.

1. Waiver of Appellate Rights

First and foremost, Ms. Martin is unlikely to obtain reversal on appeal because she waived her appeals, except on very specific issues that do not apply in this case. Her sentence does not exceed the statutory maximum sentence, nor does it exceed the maximum of the

sentencing imprisonment range determined in accordance with the sentencing stipulations and computations in the plea agreement.  The plea agreement set a base offense level of 20, which, with a criminal history category of one,  would have provided a range of 33-41 months. Ms. Martin was sentenced to a sentence of 30 months, which clearly does not exceed the range established by the stipulations and computations in the plea agreement.

Although she claims that additional reductions should have been applied, reducing her offense level to a 15, the plea agreement did not guarantee any reduction for acceptance of responsibility.  Further, the plea agreement specifically indicated that although the starting base offense level should be 20, any adjustments the Court deemed appropriate at sentencing would be final, and would not invalidate the appellate waiver. (ECF #24, PageID 103-104).  The enhancements and reductions applied by the Court were, therefore, anticipated by and included in the "sentencing stipulations and computations in this agreement," as referenced in the appellate waiver provision.   Further, Ms. Martin does not raise any cognizable claims for ineffective assistance of counsel or prosecutorial misconduct.  Having waived the appeallate issue outlined in her request for release, Ms. Martin raises no substantial appeallate issues that would be likely to result in a reversal, new trial, or other adjustment to her prescribed sentence.

2. Appellate Issues

Even if the Court of Appeals were to entertain her appeal, Ms. Martin has not raised any issues that rise to the level of substance and impact necessary to justify the issuance of a bond.

a. Tax Loss Determination

Ms. Martin alleges that the Court mistakenly raised her total offense level based on a miscalculation of the tax loss.  This is easily dispelled on the face of the plea agreement.  The plea agreement agreed to a base offense level of 20 based on an attempt to evade and defeat

income tax resulting in a tax loss greater than $550,000, and less than $1,500,000. (ECF #24, PageID 103). The PSR also contemplated a loss within that range, identifying the amount of loss as $1,296,840. 17, which is correlated to a base offense level 20, as anticipated in the plea agreement. (ECF #30, at 7). Although the Court issued a restitution order for a higher amount after adding in accumulated interest, it did not raise the base offense level based on the final amount calculation. Therefore, as the loss calculation did not have any effect of increasing the base offense level contemplated by the plea agreement, it does not qualify as a substantial question of law or fact that would impact the validity of her conviction or the appropriateness of her sentence.

### b. Sophisticated Means/Aggravated Role Enhancements

Ms. Martin argues that the Court was mistaken in applying enhancements for "sophisticated means" and "aggravated role." Although the PSR does discuss both enhancements, the Court applied only the "sophisticated means" enhancement and not the "aggravated role" enhancement. There was more than sufficient evidence to support the application of the "sophisticated means" enhancement. The tax evasion was accomplished by an intricate scheme in which Ms. Martin implemented a sophisticated web of illegal business practices, with the intent to avoid the payment of taxes. Ms. Martin misrepresented the income she was bringing in through her trucking company, Martin Logistics, while secretly running the company under a different name. The company used to shield the income was purportedly different owner, who was employed and controlled by Ms. Martin. The income was routed through a bank account held in yet a different business' name, controlled exclusively by Ms. Martin. The criminal conduct was possible only through the use of these sophisticated fabrications and obfuscations meant to preclude proper tracing of the taxable income. The facts

clearly support a "sophisticated means" enhancement.

It is true that the government agreed not to seek the enhancement as part of the plea agreement. However, it is equally true that the plea agreement also clearly states that the final decision as to what offense level applies, including whether to apply departures or enhancements, would be made by the Court. (ECF #24, PageID 102, ¶ 15). The Court's variation from the offense level recommended by the parties does not invalidate the plea or call the sentence into question.

Further, the "sophisticated means" enhancement raised Ms. Martin's offense level by only two levels. Therefore, even without this enhancement, Ms. Martin would have been sentenced as an offense level 17 and a thirty month sentence would still fall within the recommended guideline range. Thirty months is the low end of an offense level 19, and is the high end of an offense level 17, criminal history category one. Based on the facts and circumstances of her case, the Court found that thirty months was an appropriate sentence which was sufficient but not greater than necessary to address the seriousness of her crime. That sentence would have been appropriate whether it was issued at the bottom of the range for an offense level 19 or the top of the range for an offense level 17. Therefore, even if she were to prevail on this appeal issue, it would not have had any significant impact on the severity of her sentence. This issue is not a substantial issue that would justify Ms. Martin's release pending appeal.

### c. Denial of Acceptance of Responsibility

Ms. Martin claims that the Court erred by denying her the three level reduction in her offense level based on her acceptance of responsibility. Ms. Martin did enter a guilty plea pursuant to a written plea agreement, accepting her own culpability and avoiding the need for

trial, which prompted the Court to give her the benefit of a one point reduction. However, her conduct, both before the plea and after, did not continue comport with a full acceptance or recognition of the wrongfulness of her criminal conduct. After the plea was entered the government became aware that Ms. Martin had transferred millions of dollars of assets out of her name in order to avoid collection by the IRS. She consolidated all of her real estate holdings and ownership interest in multiple vehicles across six new entities she created and owned, then transferred full ownership of all six entities to her husband. She also transferred ownership of a Florida vacation home worth over $1.3 million to her husband for no consideration. These actions not only shielded the assets from IRS collection efforts, but also violated a preservation of assets notice sent to Ms. Martin from the United States Attorney's Office shortly after her indictment in this case. The letter warned her against making fraudulent transfers to avoid the collection of restitution, and specifically warned against transferring the Florida vacation home.

In addition to the transfer of assets, Ms. Martin has failed to uphold her obligation under the plea agreement to provide full financial disclosures. The disclosures she has provided are incomplete and do not include the bank statements associated with Martin Logistics, which is the entity at the core of the tax evasion claims. Ms. Martin's claims that she was upfront about these transfers and was not hiding any information from the government is belied by the information gathered by her Probation Officer and reported in the pre-sentence report. Further, whether the transfers were disclosed or not, they still evidence an intent to avoid restitution which runs counter to a full acceptance of responsibility for the wrongfulness of her actions.

There is more than enough evidence on the record to support the Court's refusal to give her an additional two level reduction for her acceptance of responsibility. Further, as with the "sophisticated means" enhancement, if the Court had erred, the two level reduction would have

resulted in a total offense level of 17 rather than 19. If Ms. Martin would have been sentenced as an offense level 17, a thirty month sentence would still fall within the recommended guideline range. For these reasons, this issue is not a substantial appeallate issue that would be likely to result in a reversal, new trial, or other adjustment to her prescribed sentence

## **CONCLUSION**

Ms. Martin waived her appellate rights as part of her plea agreement, as discussed above. Further, the Court's determination of the tax loss, the decision to apply the Sophisticated Means enhancement, and the decision to award only one point for acceptance of responsibility were all supported by the evidence, and were not a close call. Therefore, there are no substantial appeal issues that would justify Ms. Martin's release pending appeal, nor would they have a significant impact of the imposition or duration of her sentence. In addition, her health issues were also known at the time of her sentencing and can be adequately addressed by the Bureau of Prisons. They do not justify her release pending appeal. The Court, therefore, finds that Ms. Martin has not met her burden of proving an exception to the presumption against release pending appeal under 18 U.S.C. § 3143(b)(1). For all the reasons set forth above, Ms. Martin's Motion for Release Pending Appeal is, hereby, DENIED. (ECF #42). IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
United States District Judge

DATED: _January 12, 2026_